JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. The court dismissed a single count indictment charging defendant Alonzo Taylor with escape after he failed to attend a scheduled meeting with his parole officer. The court's only reason for dismissing the indictment was that the "application of statute which is the basis of indictment is ex past [sic.] facto." The state appeals.
Defendant was charged with missing a July 22, 1999 meeting with his parole officer. At that time, R.C. 2921.01(E) defined "detention" as "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution."
The court erred by considering the application of the escape statute to be ex post facto because the failure to report to a parole officer is "a new felony offense under the law in effect at the time of the new offense." See State v. Trollinger (Aug. 20, 1999), Hamilton App. No. C-980824, unreported; see, also, State v. Bell (Aug. 31, 2001), Belmont App. No. 00 BA 25, unreported; State v. McFolley (July 11, 2001), Lorain App. No. 00CA007614, unreported; State v. Estis (June 11, 1999), Lucas App. No. L-98-1373, unreported. The assigned error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and ANN DYKE, J., CONCUR.